IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shannon R. Todd, #236516,  )  | C/A No.: 1:13-931-TLW-SVH |
| )  | |
| Petitioner,  )  | |
| )  | |
| vs.  )  | REPORT AND RECOMMENDATION |
| )  | |
| Warden of Livesay Correctional  )  | |
| Institution,  )  | |
| )  | |
| Respondent.  )  | |
| )  | |

Petitioner Shannon R. Todd is an inmate at the Livesay Correctional Institution of the South Carolina Department of Corrections who filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) for a Report and Recommendation on Respondent's motion for summary judgment and return. [Entry #11, #12]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Respondent's motion by August 22, 2013. [Entry #13]. Petitioner filed a timely response. [Entry#15].

After having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment be granted.

1

I.   Factual and Procedural Background

Petitioner is currently incarcerated in the South Carolina Department of Corrections pursuant to his June 24, 2008, guilty plea to trafficking in cocaine. [Entry #12-1]. Petitioner does not challenge his present custody. Rather, Petitioner attempts to challenge a 1998 magistrate's court conviction for criminal domestic violence ("CDV") (warrant #255 40AL). [Entry #1 at 1]. Records from the West Greenville Summary Court show Petitioner was convicted of CDV after a bench trial on February 20, 1998, and sentenced to 30 days or $25 fine. [Entry #12-2]. The records further indicate that the court received payment of a fine of $25 for the CDV conviction. [*Id.*]. Petitioner did not appeal the conviction. [Entry #1 at 6, 8].

After nearly 14 years passed, Petitioner filed an application for post-conviction relief ("PCR") as to the CDV conviction on February 2, 2012, in which he alleged that he was deprived of his right to a jury trial and his right to put up a defense, and that SLED and SCDC are keeping inaccurate records. [Entry #12-3 at 3].

On July 10, 2012, the Honorable G. Edward Welmaker, Circuit Court Judge, filed a conditional order of dismissal for failure to timely file, but allowed Petitioner 20 days to show cause why the order should not become final. [Entry #12-5]. Petitioner filed a memorandum on July 18, 2012. [Entry #12-6]. On October 8, 2012, Judge Welmaker filed a final Order dismissing the action as untimely, finding:

> The Applicant was issued the ticket a tissue in this case in November 1997. This Court does not find credible the Applicant's assertion he only learned of the disposition of this case within the past year. The Applicant's delay in

2

filing his PCR application has prejudiced the Respondent and the allegations in the application could have been raised many years ago.

[Entry #12-7 at 2].

On October 23, 2012, Petitioner served notice of his intent to appeal. [Entry #12-8]. By letter dated January 9, 2013, the Clerk of the South Carolina Supreme Court requested, pursuant to S.C.R.C.P. 243(c), a written explanation of Petitioner's basis for challenging the summary dismissal. [Entry #12-9]. Petitioner provided his required explanation on or about January 20, 2013. [Entry #12-10]. The South Carolina Supreme Court dismissed the appeal on March 6, 2013, finding Petitioner "failed to show that there is an arguable basis for asserting that the determination by the lower court was improper." [Entry #12-11]. The remittitur issued on March 22, 2013. [Entry #12-12].

Petitioner filed this federal petition for a writ of habeas corpus on or about April 8, 2013.[1]

II. Discussion

    A.    Federal Habeas Issues

Petitioner states the following grounds in his habeas petition:

**Ground One:** Applicant was deprived of his right to a jury trial.

---

[1] The petition was received and docketed by the court on April 8, 2013. Because Petitioner is incarcerated, he could benefit from the "prison mailbox rule," *Houston v. Lack*, 487 U.S. 266 (1988), but it is unclear if Petitioner used the correctional facility mailroom. There is no correctional facility mailroom stamp on the envelope, and Petitioner does not assert he delivered his petition to correctional facility mailroom for mailing. [Entry #1 at 15]. Regardless, the petition was filed so far beyond the limitations period that a difference of a few days to account for mailing through the prison system would have no impact on finding the action was not timely filed.

**Ground Two:**   Applicant was deprived of his right to put up a defense.

**Ground Three:**   SLED and SCDC are keeping inaccurate records.

[Entry #1 at 5–8].

Petitioner attaches to his petition a "Statement of Facts" in which he alleges that he had been informed after his 1998 arrest that the CDV charge had been dismissed, but that a magistrate judge "went ahead and convicted [him] of the offense in his absence and without providing [him] with an opportunity to defend himself." [Entry #1-1 at 1]. He claims that he was never informed that he had been convicted or that he had a right to challenge the CDV conviction. *Id.* Petitioner alleges that "[i]t is possible that the court did not convict [him] in his absence and instead SLED and SCDC have made a clerical error and incorrectly listed the offense as a conviction." *Id.* Petitioner claims that he did not learn of the 1998 CDV conviction until 2011, when he was incarcerated on an unrelated offense and was informed that he was not eligible to serve his sentence at a county facility because of the 1998 CDV conviction. *Id.* at 1–2. He argues that his claim is timely because he filed his PCR application within one year of discovering the existence of the CDV conviction. *Id.* at 2.

    B.    Standard for Summary Judgment

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). The federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

C.     Analysis

Respondent argues that the petition should be summarily dismissed for, *inter alia*, Petitioner's failure to satisfy the custody requirement.     The undersigned agrees. Respondent argues that Petitioner does not meet the custody requirement because he is

not in custody for the conviction he attempts to challenge. Section 2254 habeas relief is available only to one who is "in custody … in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Supreme Court has "construed this provision to be jurisdictional and to require that 'the habeas petitioner be "*in custody" under the conviction or sentence under attack* at the time his petition is filed.'" *Wilson v. Flaherty*, 689 F.3d 332 (4th Cir. 2012), citing *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989)(emphasis added by *Wilson* court).

Here, it appears that Petitioner was not sentenced to a custodial term of imprisonment for the CDV conviction, but merely received a $25 fine that was paid. Therefore, Petitioner is not in custody with respect to that conviction.

In his response to Respondent's motion for summary judgment, Petitioner appears to claim for the first time that the prior CDV conviction has cause collateral consequences on the drug trafficking sentence that he is currently serving. [Entry #15 at 5]. Specifically, Petitioner alleges that a statutory amendment that changed the treatment of CDV offenses from non-violent to violent felonies has caused a miscalculation in his current sentence and has caused him to be held in a more restrictive custody level.[2] *Id.* However, for policy reasons, a prisoner may not challenge a prior conviction used to enhance a current sentence unless in the proceeding resulting in the prior conviction there

---

[2] To the extent that the court could construe this argument as "asserting a challenge to the [later]sentence[ ], as enhanced by the allegedly invalid prior conviction," *Maleng*, 490 U.S. at 493 (internal citation omitted), Petitioner has not satisfied § 2254's and *Lackawanna's* "procedural prerequisite[ ] ... [of] exhaustion of remedies," 532 U.S. at 404.

was a failure to appoint counsel in violation of *Gideon v. Wainwright*, 372 U.S. 335 (1963). *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403–04 (2001). Where the prior conviction is no longer open to direct or collateral attack in its own right because the defendant either failed to pursue those remedies while they were available or pursued them unsuccessfully, relief by way of 28 U.S.C. § 2254 is unavailable. *Id.* This is because of the need for finality of convictions and other concerns related to the administration of justice based on the substantially diminishing likelihood that state court records and transcripts of prior convictions will be retained and will remain accessible for review. *Id.*

The Supreme Court has held, however, that there is no constitutional defect in failing to appoint counsel for misdemeanor charges where the trial court imposes no jail time upon conviction. *See Scott v. Illinois*, 440 U.S. 367 (1979) (holding that a misdemeanor conviction for shoplifting where a defendant was not provided counsel did not violate the Sixth Amendment because his sentence consisted of a fine only, even though the statute authorized up to a year of jail time). Because Petitioner has not met the threshold prerequisites for a *Lackawanna* claim, the undersigned does not reach the merits of the possible argument that he is in custody pursuant to one of the *Lackawanna* exceptions.

A court will not infer allegations supporting federal jurisdiction. Because Petitioner is not "in custody" within the meaning of 28 U.S.C. § 2254(a), the court lacks subject matter jurisdiction over the petition. A federal court is presumed to lack

jurisdiction in a particular case unless the contrary affirmatively appears, and thus federal subject matter jurisdiction must always be affirmatively alleged. Fed.R.Civ.P. 8(a). When a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the action. *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006).

Petitioner has failed to allege facts showing jurisdiction in this court. Because Petitioner's claim concerning his prior CDV conviction is foreclosed from review in this proceeding pursuant to § 2254, Petitioner could not allege a tenable claim even if leave to amend were granted. Accordingly, the undersigned recommends the petition be dismissed for lack of subject matter jurisdiction.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that Respondent's motion for summary judgment be granted and the petition be dismissed for lack of subject matter jurisdiction.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

September 11, 2013					Shiva V. Hodges
Columbia, South Carolina				United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).