IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Shannon R. Todd, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) C/A No.: 1:13-cv-00931-TLW |
| | ) |
| Warden of Livesay Correctional Institution, | ) |
| | ) |
| Respondent. | ) |

**ORDER**

Petitioner, Shannon R. Todd ("Petitioner"), proceeding *pro se* and *in forma pauperis*, filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 4, 2013. (Doc. #1).

Plaintiff is presently an inmate at the Livesay Correctional Institution of South Carolina Department of Corrections as a result of his June 24, 2008 guilty plea to trafficking in cocaine. (Doc. #12-1). In the instant § 2254 petition, however, Petitioner does not challenge the legality of his present custody at Livesay Correctional Institution. (Doc. #1; Doc. #16). Rather, in this habeas action, Petitioner attempts to challenge a conviction entered against him in 1998 by a Magistrate Court for criminal domestic violence ("CDV"). (Doc. #16 at 2).

On July 17, 2013, Respondent filed a Motion for Summary Judgment and accompanying Memorandum of Law seeking dismissal of the instant habeas action for lack of subject matter jurisdiction, among other reasons. (Docs. #11; 12). On August 21, 2013, Petitioner filed a timely Response opposing Respondent's motion for summary judgment. (Doc. #15).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") issued on September 11, 2013 (Doc. #16) by United States Magistrate Judge Shiva V. Hodges, to whom this case was previously assigned pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). In the Report, the Magistrate Judge recommends that this Court grant Respondent's motion for summary judgment and dismiss the instant petition for lack of subject matter jurisdiction. (See Doc. #16 at 1, 8). The plaintiff filed timely objections to the Report and Recommendation on September 26, 2013. (Doc. #18).

This Court is charged with conducting a de novo review of any portion of the Magistrate Judge's Report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the <u>Wallace</u> standard, this Court has carefully reviewed, <u>de</u> <u>novo</u>, the Report and Recommendation (Doc. #16) and the Petitioner's objections (Doc. #18) thereto. After careful consideration, **IT IS ORDERED** that the Magistrate Judge's Report and Recommendation (Doc. #16) be and hereby is **ACCEPTED.** Accordingly, for the reasons articulated by the Magistrate Judge, Respondent's motion for summary judgment is **GRANTED** and this action is **DISMISSED** without prejudice.

This Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2254 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

<u>s/ Terry L. Wooten</u>
Terry L. Wooten
Chief United States District Judge

February 10, 2014
Columbia, South Carolina